UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIRST AMERICAN TITLE COMPANY,
et. al.,

                Plaintiffs,

                                          Case No. 05-70718

v.                                            Hon. John Corbett O'Meara

MELISSA DEVAUGH, et al.,

                Defendants.

_____/

**OPINION AND ORDER DENYING**
**PLAINTIFF'S MOTION FOR RECONSIDERATION**

On June 13, 2005, the court entered an opinion and order granting Defendants' motions to dismiss in part, and denying them in part. On June 28, 2005, Plaintiffs filed a motion for reconsideration pursuant to E.D. Mich. LR 7.1(g). The facts of this case were recounted in this Court's prior opinion and order, and they will not be repeated here. For the reasons discussed below, Defendant's motion for reconsideration is denied.

**<u>Standard of Review</u>**

The standards governing motions for reconsideration are set forth in the Eastern District of Michigan's Local Rule 7.1(g)(3):

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Plaintiffs argue that the court extended the state action exception to the Sherman Act too

broadly in its application to local government actions authorized by state statutes. The court, as it did in the initial opinion, notes that a tension exists between the United States Supreme Court reasoning in <u>Community Communications Company, Inc. v. City of Boulder</u>, 455 U.S. 40 (1982), and the subsequent Sixth Circuit reasoning in <u>Michigan Paytel Joint Venture v. City of Detroit</u>, 287 F.3d 527 (6th Cir. 2002). Given this tension, the court's conclusion that Defendants' actions are protected by the state action exception to the Sherman Act is certainly debatable. However, the court's decision did not constitute palpable error. It was an attempt to faithfully construe the broad language used in a recently published Sixth Circuit decision. Plaintiffs arguments, which are quite persuasive, are best directed at the Sixth Circuit if the Plaintiffs seek appellate review and further explanation of that court's reasoning in <u>Michigan Paytel</u>.

Accordingly, Plaintiffs' June 28, 2005 Motion for Reconsideration is **DENIED**.


s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge


Dated:  August 18, 2005