UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIRST AMERICAN TITLE, *et al.*,

    Plaintiffs,          CIVIL ACTION NO. 05 CV 70718 DT

    v.                      DISTRICT JUDGE JOHN CORBETT O'MEARA

MELISSA DEVAUGH, *et al.*,          MAGISTRATE JUDGE VIRGINIA M. MORGAN

    Defendants.
_____/

REPORT AND RECOMMENDATION

**I. Introduction**

    Plaintiffs are title insurance companies. They filed suit against the Registers of Deeds of Eaton County, Saginaw County, Tuscola County, Lapeer County, and Newaygo County, Michigan, alleging constitutional claims, an anti-trust claim under the Sherman Act, and a state law claim arising from the plaintiffs' purchase of title documents and other instruments of conveyance from the Registers. Judge O'Meara dismissed the case in its entirety on defendants' motions to dismiss. The matter now comes before the court on the following motions: (1) motion for sanctions by defendants Fuller (Eaton County), McLaren (Tuscola County), and Landheer (Newaygo County); (2) motion for attorney fees by defendants Fuller, McLaren, and Landheer; (3) defendant Dodak's (Saginaw County) motion for attorney fees; and (4) defendant Devaugh's (Lapeer County) motion for sanctions and attorney fees. The court heard oral

argument on the motions on January 30, 2006, following which the parties submitted post-hearing briefs.  For the reasons stated below, the court recommends that defendants' motions be denied.

## II.  Background

Under Michigan's Inspection of Records Act, MCL 565.551(1), county registers of deeds are required to "furnish proper and reasonable facilities for the inspection and examination of the records and files in his or her office, and for making memorandums or transcripts from the records and files during the usual business hours, to an individual having a lawful purpose to examine the records and files."  The Act further provides that if a party requests a copy of a record or file in the possession of a register of deeds, the register may reproduce the record or file for the requesting party, permit the party to copy the record or file using equipment furnished by the register, or permit the party to copy the record or file using the party's own equipment.  MCL 565.551(2).  The Revised Judicature Act, MCL 600.2567(1)(b), provides that a register of deeds may charge $1 per page for "copies of any records or papers."  Any member of the public who pays the $1 per page fee may then resell or otherwise redistribute the copies without restriction.

According to the allegations of plaintiffs' complaint, each of the plaintiffs does business in one or more of the aforementioned counties.  As part of their business operations, plaintiffs purchase copies of each instrument recorded by the county registers in order to enable them to maintain and provide indexes and abstracts of the information contained in those instruments.  At various points in the last five years, the Registers for Eaton County, Saginaw County, Lapeer County, and Newaygo County sold documents to plaintiffs at a reduced bulk rate, and in digital

form or other non-paper form. No restrictions were initially placed on plaintiffs' use of the records. However, each of these Registers subsequently changed its policies such that each would sell documents at the reduced bulk rate, and in electronic form, to plaintiffs only if plaintiffs agreed that they would not resell or otherwise distribute those documents to third-parties. Though certain plaintiffs initially agreed to the terms offered by the Registers, each has since refused to agree to the restrictions imposed by the Registers. Thus, plaintiffs may obtain documents from these Registers only in paper form and at the statutory rate of $1 per page. It appears that the Register for Tuscola County has never offered the documents at a reduced bulk rate or in electronic form. Accordingly, as with the other four counties, plaintiffs receive documents filed in Tuscola only in paper form and must pay the $1 per page fee.

     Plaintiffs filed a three-count complaint in which they alleged that the Registers' refusal to provide copies of documents at a reduced bulk rate and in non-paper form with no restrictions as to plaintiffs' use of those documents constituted a violation of § 2 of the Sherman Act (Count I), and that such actions violated plaintiffs' procedural due process, substantive due process, and equal protection rights (Count II). In Count III, plaintiffs alleged that the Registers had established and were maintaining systems of abstracts of title in violation of Act No. 378 of the Public Act of Michigan of 1921, as amended, MCL 53.141 *et seq.*

     The Registers filed motions to dismiss plaintiffs' complaint. In an Opinion and Order dated June 13, 2005, Judge O'Meara dismissed plaintiffs' Sherman Act and constitutional claims, and denied defendants' motions without prejudice as to Count III of the complaint. Relying primarily on <u>Michigan Paytel Joint Venture v. City of Detroit</u>, 287 F.3d 527 (6th Cir.

2002), Judge O'Meara determined that defendants were entitled to immunity with respect to the Sherman Act claim. Further, he concluded that plaintiffs had failed to establish a liberty or property interest in purchasing copies of documents at a reduced rate with the ability to make unfettered use of the documents and, therefore, that they had failed to state a procedural due process claim on which relief could be granted. Judge O'Meara also determined that plaintiffs had failed to state substantive due process or equal protections claims on which relief could be granted. As to Count III of the complaint, Judge O'Meara raised the question of whether plaintiffs had a private right of action under MCL 53.141 *et seq*. Noting that the parties had not addressed the question, Judge O'Meara denied defendants' motions without prejudice as to Count III. Defendants subsequently moved to dismiss Count III on the grounds that plaintiffs did not have a private right of action under MCL 53.141 *et seq* or standing to sue thereunder. Judge O'Meara agreed and, on December 22, 2005, issued an Opinion and Order dismissing Count III of the complaint. Plaintiffs subsequently moved for reconsideration of the portion of the June 13, 2005 Opinion and Order dismissing their Sherman Act claim. Judge O'Meara acknowledged that the immunity issue was a close question, but ultimately denied the motion for reconsideration.

Following the dismissal of plaintiffs' complaint, the Registers filed motions for sanctions, attorney's fees, and costs. Defendants Fuller, McLaren, and Landheer seek an award of attorney fees pursuant to 42 U.S.C § 1988 with respect to plaintiffs' constitutional claims and an award of sanctions pursuant to Fed.R.Civ.P. 11 as to the entire complaint. Defendant Dodak seeks an award of costs and fees pursuant to § 1988 with respect to plaintiffs' constitutional claims.

Defendant DeVaugh claims entitlement to fees, costs, and sanctions pursuant to Fed.R.Civ.P. 11, Fed.R.Civ.P. 54, and § 1988 with respect to plaintiffs' constitutional claims.  Plaintiffs contend that all of their claims were well grounded in fact and law and, therefore, that an award of costs, fees, and/or sanctions is not warranted.

### III.  Analysis

#### A.  Legal Standards

##### (1)  Rule 11 Sanctions

Defendants Fuller, McLaren, Landheer, and DeVaugh seek an award of sanctions pursuant to Fed.R.Civ.P. 11, which provides, in relevant part, the following:

> (b) **Representations to Court**.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> >
> > (3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

>   (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Rule 11 contains a "safe-harbor" provision under which an attorney may avoid sanctions by withdrawing the contested claim or pleading. That provision states, in part, the following:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Fed.R.Civ.P. 11(c)(1)(A).

The Sixth Circuit has held that Rule 11 sanctions may not be awarded where the moving party has failed to comply with the requirements of the safe-harbor provision. First Bank of Marietta v. Hartford Underwriters, 307 F.3d 501 (6th Cir. 2002)("This Court has expressly ruled that Rule 11 is unavailable where the moving party fails to serve a timely 'safe-harbor' letter"); see also Ridder v. City of Springfield, 109 F.3d 288, 297 (6th Cir. 1997)("sanctions under Rule 11 are unavailable, unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court"). Defense counsel failed to state, either in their motions or at oral argument, whether they served notice upon plaintiffs' counsel of their intent to seek Rule 11 sanctions as required under subsection (c)(1)(A), and there is otherwise nothing in the record indicating that counsel complied with the procedural requirements of the "safe-harbor" provision prior to filing their motions for Rule 11

sanctions. The court finds, in accordance with the above-cited cases, that regardless of the merits of plaintiffs' claims, Rule 11 sanctions may not be awarded due to defendants' failure to comply with the "safe-harbor" provision of Rule 11.

### (2) 42 U.S.C. § 1988

With respect to plaintiffs' constitutional claims, defendants seek an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988, which provides that in an action brought under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]" While attorney's fees are generally allowed as a matter of course to a prevailing plaintiff in a § 1983 action, a prevailing defendant is entitled to fees under § 1988 only where the plaintiff's action was "'frivolous, unreasonable, or...the plaintiff continued to litigate after it became clearly so.'" Hughes v. Rowe, 449 U.S. 5, 15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)(quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 422, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)); see also Wolfe v. Perry, 412 F.3d 704, 720 (6th Cir. 2005). A prevailing defendant need not demonstrate that the plaintiff brought the action in bad faith. Christiansburg Garment Co., 434 U.S. at 421, 98 S.Ct. 694, 54 L.Ed.2d 648. Further, the Supreme Court has cautioned that in applying these standards, the court must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Id., 434 U.S. at 421-22, 98 S.Ct. 694, 54 L.Ed.2d 648.

In their post-hearing brief, plaintiffs, citing Balmer v. HCA, Inc., 423 F.3d 606 (6th Cir. 2005), argue that even if the court were to find that one or more of their claims is frivolous, an

award of attorney's fees under § 1988 is precluded because it cannot reasonably be said that all of their claims are frivolous. In Balmer, the plaintiff filed suit against her former employer and others alleging claims under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, and the Tennessee Human Rights Act. She also sought to have the matter certified as a class action. Defendants prevailed in the matter on a motion for summary judgment. In granting the motion, the district court determined that the plaintiff's retaliation and wage discrimination claims were not frivolous, but that the class action allegations, sexual harassment allegations, and failure to promote claims were frivolous, thus entitling defendants to an award of attorney fees pursuant to the Title VII fee-shifting provision, 42 U.S.C. § 2000e-5(k). On appeal, the Sixth Circuit concurred with the district court's determination that the plaintiff's failure to promote and sexual harassment claims were frivolous. Nonetheless, the Court vacated the fee award based upon the district court's conclusion that not all of the plaintiff's claims were frivolous, holding that "in this circuit attorneys' fees may not be awarded to defendants where the plaintiff has asserted at least one non-frivolous claim." Balmer, 423 F.3d at 617.

Here, the court has no great difficulty finding that plaintiffs' constitutional claims are completely frivolous. Stripping away the lofty language of the complaint as to the wrongs visited upon them, plaintiffs claim is, in essence, that *as a matter of constitutional law*, they are entitled to purchase documents from the Registers at a reduced, bulk rate – a rate lower than the statutorily authorized rate paid by members of the public who lack plaintiffs' purchasing power or needs – in non-paper form, with no restrictions as to their ability to resell those documents. Simply put, plaintiffs claim that they have a constitutional right to a better deal than that

available to a member of the general public when he seeks to purchase documents from a county register. While the law allows ample room for novel claims, in this court's view, plaintiffs have crossed the line that separates the novel from the frivolous. Nonetheless, despite the court's belief that plaintiffs' constitutional claims are frivolous, the court recommends, in accordance with Balmer, that defendants' attorney fee requests under § 1988 be denied because they have failed to persuade the court that plaintiffs' action is frivolous in its entirety.

Defendants have asserted that plaintiffs' Sherman Act and state law claims are frivolous, but they have done so in wholly conclusory fashion and have not demonstrated that the claims are so lacking in merit as to be deemed frivolous. Further, the court cannot say that the claims are frivolous on the face of the complaint. Those claims were dismissed on technical grounds unrelated to the merits. As Judge O'Meara indicated in his August 18, 2005 order denying plaintiffs' motion for reconsideration, the question of whether defendants were immune from Sherman Act liability was a close one. Judge O'Meara did not address the merits of plaintiffs' Sherman Act claim, and the court is disinclined to venture beyond Judge O'Meara's findings regarding that claim to determine whether it was, on the merits, frivolous, particularly when the parties themselves have not addressed the merits in any significant detail beyond the immunity question. Thus, Judge O'Meara's dismissal of the Sherman Act claim in no way indicates that the claim was frivolous, and the Registers have not otherwise shown it to be so. Plaintiffs' state law claim was dismissed on the ground that the statute under which plaintiffs sought relief, MCL 53.141 *et seq.*, did not create a private cause of action and that plaintiffs did not have standing to file suit thereunder. Judge O'Meara gave serious consideration to the question of whether

plaintiffs could bring suit under MCL 53.141 *et seq.*. Further, Judge O'Meara noted in his June 13, 2005 opinion and order that there were genuine issues of material fact as to whether the Registers were unlawfully maintaining abstract of title systems. Thus, it was not unreasonable for plaintiffs to assert a cause of action under MCL 53.141 *et seq,* and, given Judge O'Meara's findings, the claim cannot be deemed frivolous. In sum, based on the existing record, the court concludes that plaintiffs' Sherman Act and state law claims are not frivolous. Accordingly, Balmer precludes an award of attorney's fees in spite of the court's determination that plaintiffs' constitutional claims are frivolous.

Two additional points must be made regarding Balmer. First, in that case, the defendants sought an award of fees pursuant to the fee-shifting provision of Title VII, whereas in this matter, the defendants are seeking an award or fees pursuant to 42 U.S.C. § 1988. However, the standard for awarding fees to defendants under § 1988 and Title VII's fee-shifting provision is identical. Indeed, in Hughes, supra, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163, the Supreme Court expressly determined that the Title VII "prevailing defendant" rule, as established in Christiansburg, supra, 434 U.S. 422, 98 S.Ct. 694, 54 L.Ed.2d 648, was likewise applicable to fee requests made by prevailing defendants under § 1988. Hughes, 449 U.S. at 14, 101 S.Ct. 173, 66 L.Ed.2d 163.[1] Furthermore, in Balmer, the Sixth Circuit relied upon two prior Sixth Circuit

---

[1] In Hughes, 449 U.S. at 14, 101 S.Ct. 173, 66 L.Ed.2d 163, the Supreme Court stated the following with respect to this issue:
> In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 422, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), we held that the defendant in an action brought under Title VII of the Civil Rights Act of 1964 may recover attorney's fees from the plaintiff only if the District Court finds "that the plaintiff's action was frivolous,

decisions in concluding that attorney's fees cannot be awarded where the plaintiff has asserted at least one non-frivolous claim. One of those cases, Tarter v. Raybuck, 742 F.2d 977, 987-88 (6th Cir. 1984), was a § 1983 case. See also Haynie v. Ross Gear Div. of TRW, Inc., 799 F.2d 237, 242 (6th Cir. 1986), vacated as moot, 482 U.S. 901, 107 S.Ct. 2475, 96 L.Ed.2d 368 (1987)("We have held heretofore that where one of the plaintiff's claims non-frivolous, the defendant's attorney fees may not be shifted to the plaintiff even though others of the plaintiff's claims are patently without merit"). Thus, the Sixth Circuit has drawn no distinction between fee requests made in Title VII cases and those made in § 1983 cases. Accordingly, the fact that Balmer involved the Title VII fee-shifting provision and not § 1988 provides no basis for distinguishing Balmer from this case.

Second, the fact that plaintiffs alleged discrete § 1983, Sherman Act, and state law claims does not warrant departure from the rule set forth in Balmer. Plaintiffs' Sherman Act and state law claims cannot be isolated from the constitutional claims in assessing the propriety of a fee award under § 1988. As noted above, the Sixth Circuit stated in Balmer, without qualification, that "in this circuit attorneys' fees may not be awarded to defendants where the plaintiff has asserted at least one non-frivolous claim." Id., 423 F.3d at 617. Further, in Balmer, the defendants' argued that fees should be awarded on the frivolous claims, even though the plaintiff had also alleged non-frivolous claims, because the plaintiff had alleged "several discrete causes

---

unreasonable, or without foundation, even though not brought in subjective bad faith." Id., at 421, 98 S.Ct., at 700. Although arguably a different standard might be applied in a civil rights action under 42 U.S.C. § 1983, we can perceive no reason for applying a less stringent standard.

of action[.]" The Sixth Circuit rejected the defendants' argument. Rather, the Court, in concluding that no fees should be awarded, focused on the action its entirety, rather than the individual claims brought in the action. Here, defendants have failed to persuade the court that plaintiffs action was, in its entirety, frivolous. In sum, the court finds that the Balmer rule is applicable in this matter and that the Registers' request for attorney fees must therefore be denied.

### (3) Costs Under Rule 54(d)(1)

Fed.R.Civ.P. 54(d)(1) states, in relevant part, the following: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" As prevailing parties, defendants are presumptively entitled to recover their costs, and plaintiffs have advanced no reason why those costs should not be taxed against them. However, the Bill of Costs Handbook of the U.S. District Court for the Eastern District of Michigan sets forth specific procedures a party must follow to obtain an award of costs, and none of the defendants has followed those procedures in this matter. If they wish to recover their costs, defendants should review the Handbook, which is available on-line (http://www.mied.uscourts.gov/_forms/BillCostsHdbk_PDF.pdf), and proceed accordingly.

## IV. Conclusion

For the reasons stated above, the court recommends that the Registers' motions for attorney's fees, costs, and/or sanctions be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated:   March 3, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIRST AMERICAN TITLE, *et al.*,

    Plaintiffs,               CIVIL ACTION NO. 05 CV 70718 DT

    v.                            DISTRICT JUDGE JOHN CORBETT O'MEARA

MELISSA DEVAUGH, *et al.*,      MAGISTRATE JUDGE VIRGINIA M. MORGAN

    Defendants.
_____/

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on March 3, 2006.

                                          s/Jennifer Hernandez
                                          Case Manager to
                                          Magistrate Judge Virginia M. Morgan