UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIRST AMERICAN TITLE CO.,
a California corporation, *et al.,*

    Plaintiffs,

v.

MELISSA R. DeVAUGH, in her
capacity as the Lapeer County Register of Deeds, *et al.,*

    Defendants.
_____/

Case No. 05-70718

Hon. John Corbett O'Meara

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, DENYING PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT, AND GRANTING INJUNCTIVE RELIEF

Before the court are several motions for summary judgment filed by the parties, which have been fully briefed. The court held oral argument on September 11, 2008. For the reasons set forth below, the court grants Defendants' motions for summary judgment and denies Plaintiffs' motions as moot. Based upon the representations of certain Defendants, however, the court grants Plaintiffs limited injunctive relief.

## BACKGROUND FACTS

Plaintiffs are four title insurance companies who filed suit against the Registers of Deeds of Lapeer, Eaton, Saginaw, Tuscola, and Newaygo Counties for alleged violations of the Sherman Antitrust Act, the Due Process and Equal Protection Clauses, and a Michigan state law prohibiting the registers from maintaining systems of abstracts of title. In ruling on various motions, this court dismissed all of Plaintiffs' claims. Plaintiffs appealed only the dismissal of the Sherman Act claim. The court had ruled that the registers were protected from such claims

by state action immunity.

The Sixth Circuit affirmed the dismissal of the Sherman Act claim against the Tuscola County Register, but reversed the dismissal of the claims against the other registers. These registers had provided (or intended to provide) electronic copies of records in bulk to the title companies for a discount (e.g. 20 cents per page as opposed to the statutory rate of $1 per paper copy). In exchange, the registers requested that the title companies not resell copies of the discounted record pages. The Sixth Circuit held that "the registers' practice of conditioning bulk discounts, non-paper reproduction, or reproduction of records generally, on the purchaser's agreement not to sell the official certified copies (or unofficial 'copies of copies,' or the information therein) to third parties, does not qualify for state action immunity. We intimate no opinion on the merits of the Sherman Act claims." First American Title Co. v. DeVaugh, 480 F.3d 438,459-60 (6th Cir. 2007) (emphasis added). In a footnote, the court continued:

> Furthermore, a finding of a Sherman Act violation will *not* obligate the registers to (1) reproduce records for First American or anyone else, rather than merely providing equipment for the purchaser to reproduce the records himself; (2) offer a bulk discount to First American or anyone else for the reproduction of paper or non-paper records; or (3) make records available to First American or anyone else in non-paper format in the first place. The Legislature has expressly granted the registers discretion to determine the medium in which original title records are reproduced, i.e., paper or non-paper. M.C.L. § 565.551(2)(a). The Legislature has also expressly granted the registers discretion to fulfill a title record request *either* by reproducing the record itself *or* by providing equipment for the purchaser to do the reproduction (or, if the purchaser requests it, by letting the purchaser bring in his own equipment and doing the reproduction). M.C.L. §§ 565.551(2)(a)-(c).The registers will still have the authority, under M.C.L. § 565.551(2)(a), to offer *non-paper* reproduction, in any of the formats prescribed by the records reproduction act, M.C.L. § 24.402, to *all* purchasers or to *no* purchasers. Nor will the district court's decision affect the registers' authority to offer bulk

discounts to *all* purchasers or to *no* purchasers.

Id. at 460 n.22 (emphasis in original).

Therefore, although the Sixth Circuit has remanded the Sherman Act claim to this court, it has circumscribed the relief that this court can grant *if* it finds an antitrust violation. Despite the Sixth Circuit's ruling, Plaintiffs seek an injunction from the court "preventing the Registers from imposing resale restrictions and ordering them to resume their practice of providing bulk copies in electronic form at a reasonable rate."

The registers have each filed motions for summary judgment, asserting that Plaintiffs' claims are moot. See Defendant Melissa DeVaugh's Motion for Summary Judgment, filed February 13, 2008; Defendant Mildred Dodak's Motion for Summary Judgment, filed February 15, 2008; and Defendants Fran Fuller and Linda Landheer's Motion for Summary Judgment, filed February 15, 2008. Plaintiffs filed motions for summary judgment on the merits of their Sherman Act claim against each register on August 6, 2008. Additionally, Defendants DeVaugh and Dodak filed motions for summary judgment on the merits on August 11, 2008.

## LAW AND ANALYSIS

**I.**  **Defendants' Motions on Mootness/Remedies**

In their first round of motions for summary judgment, the Defendant registers argue that this case is moot and that, if it is not, Plaintiffs' remedy is limited. The Sixth Circuit did limit Plaintiffs' remedy, as described above. Given the statutory scheme that regulates how the registers may provide copies of official records, this court has no basis to disagree. See M.C.L. §§ 565.491, 565.551, 600.2567(1)(b) and (4); First American Title Co. v. DeVaugh, 480 F.3d 438, 441-42 (6th Cir. 2007). Plaintiffs' request that the court require the registers to offer

electronic bulk record sales at a discount must be denied in light of the Sixth Circuit's opinion as well as the statutory scheme, which gives the registers the discretion to reproduce records in paper or electronic form and to charge a maximum of $1 per page.[1] Id.

Plaintiffs also seek an injunction preventing the registers from imposing resale restrictions. The registers all contend that they have voluntarily ceased offering bulk sales conditioned on resale restrictions and that, therefore, the case is moot. "The issue of mootness implicates the court's subject matter jurisdiction inasmuch as federal courts are limited by Art. III of the Constitution to deciding cases and controversies. This requirement refers to 'live' controversies, those that persist in 'definite and concrete' form even after intervening events have made some changes in the parties' circumstances." Mosley v. Hairston, 980 F.2d 409, 414 (6th Cir. 1990).

> It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. [I]f it did, the courts would be compelled to leave '[t]he defendant ... free to return to his old ways'. In accordance with this principle, the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: "<u>A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur</u>." The "heavy burden of persua[ding]" the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.

---

[1] Plaintiffs assert that the failure to require the Registers to provide electronic copies at a discount would only leave in place the "penalty" imposed by the Registers for Plaintiffs' refusal to agree to restrict resale. It is not a "penalty," however, for Plaintiffs to pay the rate prescribed by statute. Neither the Michigan statutory scheme applicable to the Registers nor the antitrust laws require the Registers to provide a discount or electronic copies. See First American, 480 F.3d at 458-59 (refusal of Tuscola County register to provide electronic copies or offer a discount qualifies for state-action immunity from Sherman Act liability).

Friends of the Earth, Inc. v. Laidlaw Environ. Serv., Inc., 528 U.S. 167, 189 (2000) (citations omitted; emphasis added). The heavy burden of demonstrating mootness, however, is somewhat alleviated when the defendant is a government official.

> We note additionally that cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties. According to one commentator, such self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine.

Mosley v. Hairston, 920 F.2d 409, 415 (6th Cir. 1990) (citation omitted). See, e.g., Chicago United Indus. Inc. v. City of Chicago, 445 F.3d 940, 947 (7th Cir. 2006) ("Comity, moreover – the respect or *politesse* that one government owes another, and thus that the federal government owes state and local governments – requires us to give some credence to the solemn undertakings of local officials. '[W]hen the defendant is not a private citizen but a government actor, there is a rebuttable presumption that the objectionable behavior will *not* recur' if the injunction is lifted.") (Posner, J.).

### A. Saginaw County Register Mildred Dodak

Saginaw County Register Mildred Dodak previously supplied Plaintiffs with bulk copies of land title documents on CDs for $.20 per page. In January 2005, Dodak announced that she would only continue to provide CDs if the purchaser agreed not to resell the documents. Before she had the opportunity to draft a proposed contract or even received a response from the title companies affected, this lawsuit was filed. Dodak nonetheless continued to provide title companies electronic copies of documents at $.20 per page until this court entered an order dismissing the Sherman Act claim in 2005. After that, Dodak discontinued the practice of selling images on CDs and only provided documents on paper for the $1 statutory rate, with no

resale restrictions. See Dodak Dep. at 20-21. In her affidavit, Dodak states that she has "no intention of offering or entering into any bulk-sale agreements for documents in electronic format with restrictions on the re-sale of those documents in the future unless specifically authorized by the Michigan Legislature or this Court." Dodak Affidavit at ¶ 5.

Plaintiffs respond that the Saginaw County Register of Deeds website contains resale restrictions. The website allows individuals to access and print documents for $1 per page (in addition to a $5 convenience fee). The terms and conditions of the site provide that the "use of documents from this server is for informational or personal use only." However, at the hearing, Dodak represented through counsel that she would abide by an injunction prohibiting resale restrictions.

The restrictions in place on the Saginaw County Register of Deeds website suggest that Dodak continues to attempt to impose resale restrictions, or at least has not ensured that such restrictions are removed. Accordingly, the case is not moot. However, the court will accept Dodak's representation that she will abide by an injunction prohibiting resale restrictions. The court will enter such an injunction, based upon this agreement.

### B. Eaton County Register Fran Fuller

Eaton County Register Fran Fuller previously provided title companies with electronic images of documents on CDs at $.24 per page. The county board of commissioners adopted a policy in 2005 that conditioned the provision of bulk records at a discounted rate on the purchaser's agreement not to resell the records. When title companies declined to sign such an agreement, Fuller provided them with paper copies at $1 per page.

In her affidavit, Fuller states that she no longer offers bulk discounts and only offers

copies of records at the $1 statutory rate. Fuller Affidavit at ¶ 4. She no longer uses the agreement that restricts resale and has no intention of placing restrictions on resale. Id. at ¶¶ 3-4. Unlike Saginaw County, Eaton County does not provide documents online. Although the county's policy has not been officially changed, Fuller's representations that she has no intention of placing restrictions on resale will be accepted by the court and the case against her will be dismissed as moot.

   C. **<u>Newaygo County Register Linda Landheer</u>**

Beginning in 2001, Newaygo County Register Landheer sold documents on CDs for $.25 per page and required purchasers to sign an agreement restricting resale. Those who did not sign the agreement were offered documents at the $1 statutory rate per page. In her affidavit, Landheer asserts that she has "since before the inception of this litigation discontinued any use of this form agreement with the restriction [on resale.]" Landheer Affidavit at ¶4. Landheer does not represent in her affidavit that she has no intention of resuming her prior practice; but her counsel states that she is "perfectly willing to abide by" an injunction prohibiting the restriction of resale. Br. in Opposition to Pl's Mot. for Summary Judgment at 8 (docket no. 150).

The Newaygo County website access agreement requires that the online use of real estate documents is "restricted to your internal business purposes and [may not be] copied or distributed to third parties." Although Landheer argues that this language does not apply to title documents from the Register of Deeds, the language of the website does not appear to contain any such limitation. Accordingly, it appears that Landheer is still using resale restrictions and the case is not moot as to her. As with the Saginaw County Register, however, the court will accept Landheer's offer to agree to an injunction prohibiting resale restrictions.

### D. Lapeer County Register Melissa DeVaugh

In 2001, Lapeer County Register Melissa DeVaugh began offering discounts on bulk record purchases in exchange for a no-resale agreement. The Board of Commissioners apparently approved the form agreement. One title company entered into a one-year agreement with a no-resale restriction, but did not renew. DeVaugh contends in her affidavit that she ceased offering bulk discounts of any kind before this lawsuit began. She has only offered copies of land-title records in paper format at the $1 per page rate. She "has no intention of offering bulk discounts for paper copies or of offering copies in any format other than paper." DeVaugh Affidavit at ¶ 4.

Again, Plaintiffs contend that the Lapeer County website contains no-resale language. DeVaugh asserts, however, that the website does not allow users to download, view, print, or otherwise access land-title records; it only provides users with access to an alphabetical index of the land-title records. Id. at ¶ 5. DeVaugh states that she "does not intend in the future to provide Internet access to copies of . . . land title records." Id. at ¶ 6. In light of these facts, the court finds that this case is moot as to DeVaugh.

### II. Cross Motions for Summary Judgment on the Merits

As a result of the above discussion, the court need not address the merits of Plaintiffs' Sherman Act claim. Defendants, by their voluntary action or acquiescence to an injunction, will no longer restrict the resale of record copies provided to Plaintiffs. Thus Plaintiffs have obtained the only relief that they are permitted under the law of this case.

### ORDER

Accordingly, IT IS HEREBY ORDERED that Defendant Melissa DeVaugh's February

13, 2008 motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that Defendant Mildred Dodak's February 15, 2008 motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that Defendants Fran Fuller and Linda Landheer's Motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' motions for summary judgment filed August 6, 2008 are DENIED AS MOOT.

IT IS FURTHER ORDERED that Dodak and DeVaugh's second motions for summary judgment, filed August 11, 2008, are DENIED AS MOOT.

IT IS FURTHER ORDERED that Saginaw County Register Mildred Dodak and Newaygo County Register Linda Landheer shall not restrict the resale of documents purchased from their office, whether in paper or non-paper form, until further order of the court or unless specifically permitted by the Michigan Legislature.

s/John Corbett O'Meara
United States District Judge

Dated: September 25, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 25, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager